Dear Mr. Fontenot:
Our office has been advised of the need for a correction to previous Attorney General Opinion No. 02-311 wherein we opined that it was permissible to serve as town Utility Superintendent and at the same time serve as a member of the Housing Authority Board of Commissioners. In our previous opinion, we stated that the town Utility Superintendent was a part-time appointive office. We now correct our previous statement to state that the town Utility Superintendent is full-time local employment for the purpose of the Dual Office Holding laws.
Louisiana R.S. 42:62 sets forth the definitions for appointed office and employment. It states in pertinent part:
 * * * (2) "Appointive office" means any office in any branch of government or other position on any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by any appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 * * *
After speaking with the Mayor of the town of Simmesport, our office has been notified that not only does the town Utility Superintendent work on a full-time basis, his position is also one appointed under the general provision of La.R.S. 33:386. Therefore, because there is no constitutional provision, law, or ordinance specifically creating the position of Utility Superintendent, it is the conclusion of this office that town Utility Superintendent is employment in a local political subdivision on a full-time basis.
With this change noted, it remains the opinion of this office that one can hold the position of town Utility Superintendent and at the same time hold the position of board member of the local Housing Authority Board of Commissioners.
You have further expressed concern with regard to a possible ethical conflict in holding both offices. Because this is not the proper subject for our office to address, we suggest that you contact the Louisiana Board of Ethics for an opinion on this issue.
I hope this supplemental opinion sufficiently addresses all of your questions. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ VIRGINIA L. COREIL Assistant Attorney General
RPI/VLC/crt
cc: Louisiana Board of Ethics 2415 Quail Drive, 3rd Floor Baton Rouge, Louisiana 70808
 Board of Aldermen Town of Simmesport Post Office Box 145 Simmesport, Louisiana 71369
 Mr. Derrick Moreau Executive Director Simmesport Housing Authority Post Office Box 131 Simmesport, LA 71369
DATE RELEASED: January 9, 2003